IN THE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDA SOLIS,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

TIMOTHY W. HENRY,

    Defendant.

Case No. 5:10-cv-04121-JTM KGG

## CONSENT JUDGMENT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brought this action against Defendant Timothy W. Henry pursuant to §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") for failure to forward employee premium contributions to the American Builders LLC's Section 125 Cafeteria Plan ("the Plan") administered through United American Insurance ("United").

The above-named Defendant, being represented by and having consulted his legal counsel-of-record, admits to the jurisdiction of the Court over Defendant and over the subject matter of this action, and has agreed to the entry of this Judgment without further contest.

This Consent Judgment shall apply solely to Plaintiff and Defendant.

0ean1008anr

Now therefore, upon joint motion of the parties and for good cause shown, it is,

**ORDERED, ADJUDGED AND DECREED**, that:

Defendant Timothy W. Henry violated §§ 403, 404, and 406 of ERISA (29 U.S.C. §§ 1103, 1104, and 1106).

It is further ORDERED that:

1. Defendant shall restore $8,941.44 to the Plan participants owed for employee premium withholdings. The recovery amount of $8,941.44 shall be paid in full within 24 months from the date of entry of this Consent Judgment to a federally insured interest bearing bank account which Defendant will set up for the benefit of the Plan participants. Within seven (7) days of the establishment of the subject account, the Defendant shall furnish satisfactory evidence of subject account opening to:

Regional Director
Employee Benefits Security Administration
Two Pershing Square
2300 Main Street, Suite 1100
Kansas City, MO  64108

In addition, within 25 months of this Consent Judgment, Defendant will forward the $8,941.44 and related interest income from said bank account to the Plan participants as follows:

| | |
|---|---|
| James Barton: | $1,235.85 |
| Shiloh Bedigrew | $233.24 |
| Samantha Bitler | $65.60 |
| Rebecca Carruth | $253.36 |
| George Crighton | $64.87 |
| Monte Herrera | $2,388.40 |
| Jacob Hicks | $141.43 |

0ean1008anr

| | |
|---|---|
| Cary Hudspeth | $832.56 |
| Andrea Mayer | $119.54 |
| Elijah Metcalf | $359.76 |
| Kelton Rogers | $180.59 |
| Michael Schule | $483.43 |
| Rocky Sisco | $329.00 |
| Arthur Stevens | $1,742.51 |
| Scott Stone | $416.05 |
| Michael Valentino | $19.05 |
| Priscilla Wakefield | $76.20 |

**Total:   $8,941.44**

Income earned on the bank account will be allocated pro-rata to each participant based on the balance owed to the individual participant in relation to the total amount owed to all participants.

2. Defendant agrees to make monthly payments of at least $372.56 over twenty-four months beginning within ten (10) calendar days of entry of this Consent Judgment, to the federally insured bank account referenced in ¶ 1 above. Said payments shall represent the total owed by Defendant for unforwarded employee premium contributions for the Plan.

3. Within seven (7) days of each monthly payment, the Defendant shall furnish satisfactory evidence of the deposit into said account to:

>    Regional Director
>    Employee Benefits Security Administration
>    Two Pershing Square
>    2300 Main Street, Suite 1100
>    Kansas City, MO 64108

If, for any reason, payments are not timely made as described above, Defendant shall immediately be deemed to have defaulted his obligations under this Judgment. Upon default by Defendant,

Plaintiff, shall be entitled to immediately collect the entire outstanding balance due to the Plan, by any process allowed by law, including execution, garnishment and levy.

4.  Defendant shall not share in any manner in the payment of the $8,941.44, nor in any accrued interest in the said payments. As to the above-identified amounts, Defendant waives all rights and claims thereto.

5.  Plaintiff's representatives have previously furnished to Defendant each Plan participant's identity and the amount of unforwarded or late forwarded premium contributions due to such participants, with such information having been derived from the Plan's records as provided by Defendant. Upon approval of this Consent Judgment, Defendant shall immediately utilize any and all means available to him to locate, verify, and memorialize contact with all Plan participants by following the procedures contained in the U.S. Department of Labor, Employee Benefits Security Administration, Field Assistance Bulletin 2004-02 ("FAB"), promulgated by the United States Department of Labor, Employee Benefits Security Administration. Defendant acknowledges that a copy of the FAB has previously been provided to him.

6.  No later than 30 days of entry of this Consent Judgment, Defendant shall submit an initial accounting of his efforts to locate the Plan participants:

>   Regional Director
>   Employee Benefits Security Administration
>   Two Pershing Square
>   2300 Main Street, Suite 1100
>   Kansas City, MO 64108

This initial accounting shall include the following:

(a) All Plan participants contacted;

(b) All verified participant contact information; and,

(c) The identity of all participants who appear unlocatable as of 30 days of entry of this Consent Judgment, despite the reasonable efforts of Defendant, along with an explanation of the detailed efforts which were undertaken to locate such missing participants.

7. No later than 24 months after approval of this Consent Judgment, Defendant shall provide to the EBSA Kansas City Regional Director a written report and accounting that shall include the following information with particularity:

(a) What efforts were used to locate Plan participants;

(b) All individual participant contact information verified as of such date;

(c) The identities of any participants who, despite all reasonable efforts, have not been located, along with the particular efforts that were undertaken to locate such participants; and

(d) With regards to the monies due to the participants who could not be located, which option Defendant has chosen to follow regarding such undistributed monies, as set forth in the FAB, along with documentary proof that Defendant has taken the proper actions in execution of the designated option.

8. No later than twenty-five months from entry of this Consent Judgment, Defendant shall provide to the EBSA Kansas City Regional Director a final report detailing the distribution

5

of all assets to the Plan's participants and a listing of all participants with account balances who, despite all reasonable efforts, Defendant was unable to locate or unable to communicate, and the disposition of the account balances for all such unlocatable participants.

9. Defendant Henry shall be permanently enjoined from future violations of §§ 403, 404 and 406 of Title I of ERISA.

10. Upon the completion of the repayment and distribution of monies to Participants called for in this Judgment, Defendant Henry shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

11. This Consent Judgment resolves all claims of Plaintiff's Complaint against Defendant with the following exceptions:

    a. This Judgment does not adjudicate or otherwise affect any potential civil monetary penalties that may be assessed against Defendant under § 502(c). For purposes of ERISA § 502(l), the parties agree that the amount paid by or on behalf of Defendant is understood by the parties to be the "applicable recovery amount" for purposes of civil penalty assessment pursuant to ERISA § 502(l). It is further agreed and understood by the parties that the penalty which will be assessed will equal twenty percent (20%) of the "applicable recovery amount." Defendant agrees either (1) to pay the assessed penalty within 60 days of service of notice of the assessment, or (2) to file a timely request for waiver or reduction of penalty, pursuant to ERISA § 501(l)(3) and 29 CFR § 2570.80 to 2570.88. If a request for waiver or reduction of the penalty is timely filed, Defendant agrees to accept the

Secretary's determination regarding such request, and to pay the penalty, if any, as set forth in the Secretary's determination letter.

    b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

12. Defendant Henry agrees that he will notify the EBSA Regional Director within seven (7) days of any change in his name, residence, telephone number, mailing address or employment until amounts recited in this Judgment are repaid.

13. This Court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

14. Each party shall bear their own costs and expenses, including attorney's fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

The Court directs the entry of this Judgment as a Final Order.

Dated this 30th day of September, 2010.

s/ J. Thomas Marten
**UNITED STATES DISTRICT JUDGE**

Entry of this Judgment is hereby consented to:

*Timothy W. Henry* (signature)
Timothy W. Henry
Defendant

*Ken Collins* (signature)
Ken Collins
Attorney for Defendant

APPROVED:

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Michael A. Stabler
Regional Solicitor
MO Bar #26211

Andrea Christensen Luby
Attorney
Kansas Bar # 19030

*Ambriel Renn-Scanlan* (signature)
Ambriel Renn-Scanlan
MO Bar # 58527
Kansas Bar #23343 ~~(inactive)~~

2300 Main Street
Two Pershing Square, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)

U.S. Department of Labor
Attorneys for Plaintiff